**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| VIVIAN LOPEZ, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1-23-CV-00101 |
| | § | |
| WILBUR CURTIS CO., INC., | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL FEDERAL COMPLAINT**

To the Honorable Rolando Olvera, United States District Judge:

Vivian Lopez ("Plaintiff") files her Original Complaint against Defendant Wilbur Curtis Co., Inc. and would respectfully show this Court and Jury as follows:

## I. PARTIES

1.      Plaintiff Vivian Lopez is a Texas resident who may be contacted through her undersigned counsel.

2.      Defendant Wilbur Curtis Co., Inc. is a foreign for-profit business authorized to do business in the State of Texas. Wilbur Curtis has appeared and answered.

## II. MISNOMER/ALTER EGO

3.      In the event any parties are misnamed or are not included here, it is Plaintiff's contention that such was a "misidentification," "misnomer," or that such parties are "alter egos" of parties named here. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## III. JURSIDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this claim based on complete diversity of citizenship under 28 U.S.C. § 1332. Plaintiff is a citizen of Texas and Defendant is a

California corporation with its principal place of business in California. This is a civil action and the amount in controversy exceeds $75,000,000, exclusive of interest and costs.

5.      Venue is proper under 28 U.S.C. § 1402(b) because all or a substantial part of the acts and omissions supporting these claims occurred in the Southern District of Texas, Brownsville Division.

## IV. <u>FACTS</u>

6.      This product liability suits arises out of Defendant's negligent design and marketing of its Curtis CBTH 17000-001 tea/coffee combo brewer ("Combo Brewer"), which included a Curtis Standard Tea Brew Basket with Blue Splash Guard Pocket ("Brew Basket").

7.      At all material and relevant times, Defendant was engaged in the business of designing, marketing, distributing, and selling the subject Combo Brewer and Brew Basket.

8.      Defendant placed the Combo Brewer and Brew Basket that it designed and marketed into the stream of commerce, which allowed the Combo Brewer and Brew Basket to reach consumers and intended users, including Plaintiff, without substantial change in the condition in which they were sold.

9.      On or about July 21, 2021, Plaintiff—in the course and scope of her employment at Whataburger #328, 1301 Highway 100, Port Isabel, Texas 78578—was attempting to brew tea in the Combo Brewer using the Brew Basket.

10.     Plaintiff started the brewing process—in conformity with Defendant's operating instructions—by removing the Brew Basket from the Combo Brewer. Because of a defect in the design and construction of the Combo Brewer, Brew Basket, or both, the Brew Basket did not drain properly such that it was full of scalding water when the brew cycle should have been

2

completed and the water drained. Plaintiff had no way of knowing that the Brew Basket had not drained like it was meant to do.

11.     Because Plaintiff had no reason to know or expect that the scalding water had not drained as part of the brewing process but rather remained in the Brew Basket. So despite using ordinary care, she could not anticipate the hazard posed by the scalding water remaining in the Brew Basket. With the water having not drained from the Brew Basket, when Plaintiff accessed the Combo Brewer at the end of its cycle, the scalding water was flung onto Plaintiff's right arm, which caused her to suffer severe second-degree burns. In no sense are Plaintiff's injuries the result of her misuse of the Combo Brewer or Brew Basket.

12.     Plaintiff required immediate medical attention and intensive treatment to recover from the burns inflicted by Defendant's defective product. The defective Combo Brewer, Brew Basket, or both designed, marketed, distributed, and sold by Defendant were the proximate and producing cause of Plaintiff's injuries and damages. Plaintiff continues to suffer physical harm and emotional disruptions to her daily life as a result of the injuries caused by Defendant's defective product.

13.     On information and belief, the subject Combo Brewer, Brew Basket, or both were defective and unreasonably dangerous. Because of unreasonably dangerous design and marketing defects, the Combo Brewer, Brew Basket, or both presented an unacceptable risk of physical harm and injury to Plaintiff and others. Further, Defendant breached its duty of ordinary care in designing the Combo Brewer and Brew Basket.

14.     At all material and relevant times, Defendant was engaged in the business of designing, marketing, distributing, and selling the Combo Brewer and Brew Basket at issue. The subject Combo Brewer and Brew Basket were placed into the stream of commerce by Defendant

for sale, all with its expectation and knowledge that such products would be sold to consumers and intended users in Cameron County, Texas. The Combo Brewer and Brew Basket in question reached Plaintiff without any substantial change or alteration in their condition since they left the possession and control of Defendant.

15.    Plaintiff would show that the Combo Brewer, Brew Basket, or both were in a defective, unreasonably dangerous condition when Defendant placed them into the stream of commerce for use by consumers and intended users, including Plaintiff.

16.    There are multiple design defects that rendered the Combo Brewer and Brew Basket unreasonably dangerous. First is that the Brew Basket's "sump" design is more sensitive to being clogged compared to the "sump" designs its competitors, including Bunn, use for their baskets. Second, competing brands, including Bunn, fabricate baskets that are translucent, which will alert a user to the presence of hot water that has failed to drain during the completed brew cycle. By comparison, the defective Combo Brewer and Brew Basket manufactured by Defendant is solidly black and is not translucent. This is not necessarily an exclusive list of the Combo Brewer and Brew Basket's defects, as discovery has yet to commence, and Plaintiff still needs to conduct destructive laboratory testing to grasp the full extent of the Combo Brewer and Brew Basket's defects.

17.    Bunn's preferable "sump" design and translucent basket color are reasonable alternative designs. That cost of such reasonable alternative designs is minimal, especially next to the risk of harm presented by the subject Combo Brewer and Brew Basket. Thus implementing such reasonable alternative designs would be economically feasible, which is reflected in the fact that Defendant's competitor has used such reasonable alternative designs and is nevertheless competing in the same market as Defendant.

18.    Plaintiff would show that Defendant assumed a duty to train, instruct, and warn intended users about the proper uses, potential risks, and potential adverse effects of the Combo Brewer and Brew Basket, but that Defendant failed to adequately train, instruct, or warn users—including Plaintiff—about the proper uses, potential risks, and potential adverse effects of the Combo Brewer and Brew Basket.

19.    While the subject Brew Basket includes a "caution" warning of "hot liquid" and the need to "remove basket slowly," Defendant failed to warn users, for example, that "the basket may be full," which is the nature of the hazard that harmed Plaintiff.

20.    On information and belief, Defendant failed to take appropriate steps to ensure that the design of the Combo Brewer and Brew Basket was reasonably safe for their intended users before Defendant placed the Combo Brewer and Brew Basket into the stream of commerce, which allowed them to reach their intended users like Plaintiff. Alternatively, on information and belief, Defendant failed to warn Plaintiff of a risk of harm inherent in the Combo Brewer and Brew Basket that Defendant knew about or could reasonably have foreseen.

21.    At all material and relevant times, Defendant was in the business of designing, marketing, distributing, and selling—either directly or indirectly through third-parties or related entities—the Combo Brewer and Brew Basket used by Plaintiff to brew coffee and tea. So Defendant placed the subject Combo Brewer and Brew Basket into the stream of commerce and held out to the public that such devices were safe and effective, when they were not.

22.    Further, at all material and relevant times, Defendant knew—or reasonably should have known—that the Combo Brewer, Brew Basket, or both were defective and unreasonably dangerous. But—despite knowing of the defective and unreasonably dangerous condition of the Combo Brewer, Brew Basket, or both—Defendant failed to disclose—or endeavored to conceal—

these facts from the public, consumers, and intended users. Had Plaintiff known of the defective and unreasonably dangerous condition of the Combo Brewer, Brew Basket, or both, she would not have used them.

23.    Before and since placing the Combo Brewer and Brew Basket at issue into the stream of commerce, Defendant possessed actual or constructive knowledge—or otherwise knew or reasonably should have known—that the Combo Brewer, Brew Basket, or both were designed and marketed in a faulty manner that entails a dangerous product defect.

24.    Despite such prior knowledge, Defendant took no feasible measures to promptly and timely correct the defective or faulty ways the Combo Brewer, Brew Basket, or both were designed and marketed. Indeed, Defendant made the conscious decision to sell and distribute the Combo Brewer and Brew Basket without issuing or supplying adequate and proper warnings to protect the public.

25.    As a direct and proximate result of Defendant's improper and negligent conduct as further described here—including knowingly designing, marketing, and distributing the defective and unreasonably dangerous Combo Brewer and Brew Basket in question—Plaintiff has suffered injuries and damages. Along with the cost, expense, and physical and mental suffering associated with her medical treatment, Plaintiff has had to face permanent bodily disfigurement from the severe burns caused by the Combo Brewer, Brew Basket, or both. Plaintiff experienced—and will continue to experience—physical injuries, disfigurement, pain and suffering, loss of enjoyment of life, lost wages, medical expenses, medical monitoring expenses, embarrassment and humiliation, fright and apprehension, emotional distress, and other damages as a result of Defendant's defective product.

26.     Plaintiff brings this action for the damages she suffered as a direct and proximate result of Defendant's negligent and wrongful conduct in its design, manufacture, marketing, and distribution of the Combo Brewer and Brew Basket in question. Plaintiff thus asserts causes of action against Defendant for strict liability (design and marketing defects) and negligence.

## V. <u>STRICT LIABILITY (DESIGN AND MARKETING DEFECTS)</u>

27.     Plaintiff adopts and incorporates by reference, as if fully set forth here, all factual allegations contained in this Complaint.

28.     At all times material, Defendant was engaged in the business of designing, marketing, and placing the subject Combo Brewer and Brew Basket into the stream of commerce for ultimate resale to consumers and intended users like Plaintiff. Defendant designed, marketed, and placed in the stream of commerce the defective Combo Brewer and Brew Basket, which were unsafe, unreasonably dangerous, and mislabeled when they left Defendant's control.

### A. *Design Defect*

29.     The subject Combo Brewer and Brew Basket were defective because their design deviated from industry standards in a manner that rendered them unreasonably dangerous as well as unsafe or unfit for their intended purpose(s) or use(s). The subject Combo Brewer and Brew Basket Plaintiff used were defective when they left the possession or control of Defendant—at a minimum, because of (1) the form of its faulty draining apparatus and (2) the basket's opacity.

30.     At all material and relevant times, Defendant was engaged in the business of designing, manufacturing, marketing, distributing, and selling the subject Combo Brewer and Brew Basket, and so it actively placed the subject Combo Brewer and Brew Basket into the stream of commerce. Defendant is in the business of selling such products with the expectation that they will reach the end user without substantial change in the condition in which they are sold. The

subject Combo Brewer and Brew Basket reached Plaintiff user without substantial changes in the condition in which they were sold.

31.    The Combo Brewer and Brew Basket at issue were defective and unsafe for their intended use(s) and purpose(s) both when they left Defendant's control and when they were sold. The Combo Brewer, Brew Basket, or both were defective in that they posed inherent dangers such that there was an unreasonable risk of serious bodily injury associated with their use by consumers and intended users, like Plaintiff. Such dangers and risk were the direct and proximate result of Defendant's acts and omissions, and include, but are not limited to, the following:

    a. Defectively designing the Combo Brewer and Brew Basket;

    b. Placing the Combo Brewer and Brew Basket into the stream of commerce despite their being defective and in an unreasonably dangerous condition for consumers and intended users;

    c. Including a defective "sump" in the Combo Brewer and Brew Basket that was designed in a matter that made it more likely to clog compared to those designed by Defendant's competitors;

    d. Including an unreasonably dangerous Brew Basket in the Combo Brewer that—rather than being translucent like those of its competitors—was solid such that a user could not detect the presence of hot water that had failed to drain inside the subject Brew Basket.

    e. Designing a product for which the seriousness of potential burn injuries resulting from use of the product drastically outweighs any benefit that could stem from the normal, intended use of the product;

    f. Failing to adequately test the Combo Brewer and Brew Basket; and

    g. Failing to market the economically feasible alternative designs mentioned here, despite their existence, which would have prevented the Plaintiff's damages.

32.    As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff suffered injuries and damages for which Defendant is liable.

8

33.     In sum, Plaintiff thus asserts that the Combo Brewer and Brew Basket were defectively designed in that, when the products left the hands of Defendant, the products were unreasonably dangerous to an extent beyond what would be contemplated by their ordinary user with ordinary knowledge common to the community. The Combo Brewer and Brew Basket were defectively designed to render them unreasonably dangerous, with their risks outweighing their utility as designed. As shown above, alternative designs were feasible; indeed, Defendant's competitors use such designs. Defendant's design defects were direct, proximate, and producing causes of the injuries and damages to Plaintiff.

### b. *Marketing Defect*

34.     In addition, or in the alternative, Plaintiff asserts that Combo Brewer and Brew Basket are defective and unreasonably dangerous in that—while Defendant promoted and sold the Combo Brewer and Brew Basket as being safe and effective for their intended uses—it failed to contain warnings to users regarding the potential risks presented. As a result, the product lacked adequate instructions for its safe use.

35.     Defendant failed to adequately warn Plaintiff and others of the potential risk. Defendant—both independently or by and through its authorized dealers and agents—failed to provide Plaintiff with adequate instructions for use of the Combo Brewer and Brew Basket. Defendant had a duty to adequately warn the user of the extent of danger in the use of its products not generally known to the user, yet Defendant breached this duty owed to Plaintiff.

36.     In addition, or in the alternative, there existed a risk of harm inherent to the Combo Brewer and Brew Basket, or a risk of harm that might arise from their intended or reasonably anticipated use, that Defendant actually knew about or could reasonably have foreseen when it was marketing these products.

37.     Yet while the subject Brew Basket includes a "caution" warning of "hot liquid" and the need to "remove basket slowly," Defendant failed to warn users, for example, that "the basket may be full," which is the nature of the hazard that harmed Plaintiff. This marketing defect—and the absence of appropriate warnings and instructions—render the Combo Brewer and Brew Basket unreasonably dangerous to their ultimate user. Such failure to warn and to instruct constitute a causal nexus in Plaintiff's injuries.

38.     Defendant thus failed to warn and place adequate warnings and instructions on the Combo Brewer and Brew Basket to alert users that the basket was prone to clogging such that it could be full of hot water when the basket was due to be removed at the end of a brew cycle, despite having extensive knowledge that the aforementioned injuries could (and did) occur.

*** 

39.     In sum, the above design, marketing, and manufacturing defects with respect to the subject Combo Brewer and Brew Basket were direct, proximate, and producing causes of the injuries and damages to Plaintiff.

## VI. <u>NEGLIGENCE</u>

40.     Plaintiff adopts and incorporates by reference, as if fully set forth here, all factual allegations contained in this Complaint.

41.     Defendant owed a duty to use ordinary care to design and market the subject Combo Brewer and Brew Basket safely and non-defectively to avoid injury or damage to consumers and intended users like Plaintiff.

42.     Defendant breached its duty of ordinary care and was negligent because the subject Combo Brewer, Brew Basket, or both were designed, marketed, distributed, and sold in a defective and unreasonably dangerous condition. On the occasion in question, this defective and unreasonably dangerous condition caused the Combo Brewer's Brew Basket's scalding contents

to shoot onto Plaintiff's body at the end of the brew cycle—when the scalding water should have been completely drained from the basket.

43.    Defendant failed to exercise reasonable care in designing, researching, testing, marketing, supplying, promoting, testing, and placing into the stream of commerce the Combo Brewer and Brew Basket. Indeed, Defendant failed to take reasonable steps regarding the Combo Brewer and Brew Basket's quality control and quality assurance. The negligent acts and omissions of Defendant—and its agents, servants, and employees—include, but are not limited to:

    a.  Negligently designing the subject Combo Brewer, Brew Basket, or both in a manner that harmed those who used them;

    b.  Designing, producing, creating, and promoting the Combo Brewer and Brew Basket without adequately, sufficiently, or thoroughly testing them;

    c.  Not conducting a sufficient testing program to determine whether the Combo Brewer and Brew Basket were safe for use;

    d.  Marketing and selling the Combo Brewer and Brew Basket when Defendant knew or should have known that they were dangerous and unfit for ordinary use;

    e.  Selling the Combo Brewer and Brew Basket without proper and sufficient testing to determine the existence of danger(s) to their users;

    f.  Negligently failing to warn Plaintiff of the potential for danger in omitting a warning from the Combo Brewer that its Brew Basket may be full of hot water at the end of a brew cycle;

    g.  Negligently failing to recall dangerous and defective Combo Brewers and Brew Baskets at the soonest opportunity when it became known that such devices were, in fact, dangerous and defective;

    h.  Negligently advertising and recommending the use of the Combo Brewer and Brew Basket, even though Defendant knew or should have known of their dangerous propensities;

    i.  Negligently representing that the Combo Brewer and Brew Basket were safe for use for their intended purposes, when, in fact, they were unsafe;

Negligently under-reporting, underestimating, and otherwise downplaying the serious inherent dangers or risk of danger associated with the Combo Brewer and Brew Basket;

j.  Neglecting to use due care in designing and marketing the Combo Brewer and Brew Basket so as to avoid the risks to individuals using them;

k.  Neglecting to have proper and adequate warnings accompanying its products;

l.  Neglecting to have proper and adequate instructions from use accompanying its products; and

m.  Neglecting to conduct adequate testing, including testing and post-marketing surveillance to determine the safety of its products.

44.    Defendant knew or should have foreseen that a consumer or intended user, such as Plaintiff, would be at an increased risk of suffering an injury because of its failure to exercise reasonable care. The nature of Plaintiff's injuries were foreseeable to Defendant—which knew, or should have known—that the Combo Brewer, Brew Basket, or both were defective or unreasonably dangerous such that there was an increased risk of malfunction that, even with ordinary use, was reasonably likely to result in the Brew Basket's scalding hot contents shooting out onto users and injuring them.

45.    Defendant knew or should have known that the Combo Brewer, Brew Basket, or both, presented an elevated risk of or harm to their users. Yet Defendant overlooked this risk of harm and continued to market, distribute, and sell the Combo Brewers and Brew Baskets. The negligent acts and omissions of Defendant proximately caused Plaintiff's injuries and damages.

## VII. <u>DAMAGES</u>

46.    Plaintiff adopts and incorporates by reference, as if fully set forth here, all factual allegations contained in this Complaint.

47.    Plaintiff would show that all the aforementioned acts, taken together or singularly, constitute the producing and proximate cause of the injuries and damages that Plaintiff sustained.

48.      Plaintiff has suffered, and will continue to suffer, severe harmful effects from this incident and the permanent and lasting personal injuries she sustained from it. She is entitled to recovery of her actual damages, which include general damages—i.e., her medical expenses in the past and future, lost wages in the past and future, and loss of earning capacity—together with special damages like physical pain and suffering, mental anguish, mental distress, emotional distress, disfigurement, diminished enjoyment of life, and other damages.

## VIII. <u>PRE-JUDGMENT AND POST-JUDGMENT INTEREST</u>

49.      Along with the above-mentioned and foregoing allegations, Plaintiff further pleads that she is entitled to prejudgment and post-judgment interest at the highest rate allowed by law.

## IX. <u>COURT COSTS</u>

50.      Plaintiff further seeks recovery of the costs of court incurred in the filing and pendency of this action.

## X. <u>PRESERVING EVIDENCE</u>

51.      Plaintiff requests and demands that Defendant preserves and maintains all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting from it. Failure to maintain such items will constitute "spoliation" of the evidence.

## XI. <u>JURY DEMAND</u>

52.      Plaintiff requests under Federal Rule of Civil Procedure 38 a trial by jury of all issues so triable.

## <u>PRAYER</u>

Plaintiff Vivian Lopez thus prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and

procedure, as to actual damages and all punitive and exemplary damages as may be found. In addition, Plaintiff request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on her behalf, for prejudgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

/s/ *Charles M. Stam*
Richard A. Hinojosa
Federal Bar No. 1143270
Charles M. Stam
Federal Bar No. 3438775
Hinojosa Law PLLC
3904 Brandt Street
Houston, Texas 77006
Telephone: 713.884.1663
Fax: 713.422.2493
Email: richardhinojosa@hinojosalaw.com
Email: cstam@hinojosalaw.com
Email: e-service@hinojosalaw.com

**Attorneys for Plaintiff**

14