United States District Court
Southern District of Texas
**ENTERED**
July 11, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| VIVIAN LOPEZ, | § | |
| "Plaintiff," | § | |
| | § | |
| v. | § | Civil Action No. 1:23-cv-00101 |
| | § | |
| WILBUR CURTIS CO., INC., | § | |
| "Defendant." | § | |

## ORDER

Before this Court is Defendant's "Motion for Summary Judgment and Supporting Brief" (Dkt. No. 24) ("MSJ"), Plaintiff's "Response to Defendant's Motion for Summary Judgment" (Dkt. No. 25), and Defendant's "Reply to Plaintiff's Response to Motion for Summary Judgment" (Dkt. No. 26). For these reasons, Defendant's MSJ (Dkt. No. 24) is **GRANTED**.

### I.        BACKGROUND

This product liability case arose when Plaintiff, a Whataburger employee in Port Isabel, Texas, was burned by hot water while trying to brew tea using Defendant's product, the Combo Brewer. Dkt. No. 25 at 5. Plaintiff sued Defendant, claiming her injuries resulted from design and marketing defects of the Combo Brewer under negligence and strict liability theories. Dkt. No. 8 at 7–11. Plaintiff claims the Combo Brewer was defectively designed with a faulty draining apparatus and an opaque basket, which created a danger of spilling hot water onto the user. *Id.* at 7–8. Plaintiff also claims Defendant's failure to warn users of these risks amounts to a marketing defect. *Id.* at 9–10. Defendant now moves for summary judgment on all Plaintiff's claims. Dkt. No. 24 at 1.

### II.       LEGAL STANDARD

#### A.        SUMMARY JUDGMENT

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact." FED. R. CIV. P. 56(a). A genuine dispute of fact exists only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* The movant bears the initial burden to identify the portions of the record showing no genuine issue of material fact. *Celotex Corp. v. Catrett*, 47 U.S. 317, 323 (1986).

If the movant meets its burden, "the burden shifts to the nonmoving party to show that summary judgment is not appropriate." *Lavespere v. Niasra Mach. & Tool Works. Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). The nonmoving party cannot meet its burden "by referring to the 'mere allegations or denials' of the nonmoving party's pleadings[;]" it must use opposing evidentiary documents to "set out specific facts showing that a genuine issue exists." *Id.* (citing FED. R. CIV. P. 56(e)). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient[.]" *Brown v. City of Houston*, 337 F.3d 539, 41 (5th Cir. 2003).

## B.  DESIGN DEFECT

Plaintiffs alleging a design defect must prove "(1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery." *Timpte Indus. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009). To determine whether a product was defectively designed under the first factor, Texas courts apply a risk-utility analysis that considers:

> (1) the utility of the product to the user and to the public as a whole weighed against the gravity and likelihood of injury from its use; (2) the availability of a substitute product which would meet the same need and not be unsafe or unreasonably expensive; (3) the manufacturer's ability to eliminate the unsafe character of the product without seriously impairing its usefulness or significantly increasing its costs; (4) the user's anticipated awareness of the dangers inherent in the product and their avoidability because of general public knowledge of the obvious condition of the product, or of the existence of suitable warnings or instructions; and (5) the expectations of the ordinary consumer.

*Id.*

"A safer alternative design is a design that was economically and technologically feasible to implement and would have prevented or significantly reduced the risk of injury to the plaintiff without impairing the product's utility." *Cole v. C.R. Bard*, No. 4:20-CV-01630, 2021 U.S. Dist. LEXIS 37377, at *5-6 (S.D. Tex. Feb. 11, 2021).

## C.  MARKETING DEFECT

"Under Texas law, '[a] marketing defect occurs when a defendant knows or should know of a potential risk of harm presented by the product but markets it without adequately warning of the danger or providing instructions for safe use.'" *Johnson v. Novartis Pharms. Corp.*, 845 F.

App'x 305, 309 (5th Cir. 2021) (citing *Daimlerchrysler Corp. v. Hillhouse*, 161 S.W.3d 541, 546 (Tex. App. 2004) aff'd on other grounds, 161 S.W.3d 541 (Tex. 2004)). The five elements of a marketing defect claim are:

> 1) a risk of harm that is inherent in the product or that may arise from the intended or reasonably anticipated use of the product must exist; 2) the product supplier must actually know or reasonably foresee the risk of harm at the time the product is marketed; 3) the product must possess a marketing defect; 4) the absence of the warning and/or instructions must render the product unreasonably dangerous to the ultimate user or consumer of the product; and 5) the failure to warn and/or instruct must constitute a causative nexus in the product user's injury.

*USX Corp. v. Salinas*, 818 S.W.2d 473, 483 (Tex. App.—San Antonio 1991, writ denied).

### III.   DISCUSSION

The Southern District of Texas has stated, "Products liability cases are quintessentially expert cases, and failure to designate experts almost always leads to summary judgment." *Martinez v. Ethicon Inc.*, No. 7:19-cv-00164, 2020 U.S. Dist. LEXIS 77635, at *4-5 (S.D. Tex. May 1, 2020) (citing *Emery v. Medtronic, Inc.*, 793 F. App'x 293, 296 (5th Cir. 2019)). In *Emery*, the Fifth Circuit held that summary judgment was proper in a product liability case even before the close of discovery when the plaintiff failed to designate an expert to support its claim. *See Emery*, 793 F. App'x at 296. Here, despite multiple extensions of Plaintiff's expert designation deadline, Plaintiff failed to designate a product liability expert. *See* Dkt. No. 24 at 10–11; *see* Dkt. No. 18; *see* Dkt. No. 22. Consequently, Plaintiff cannot succeed on its claims.

"Under Texas law, expert testimony is generally encouraged if not required to establish a products liability claim." *Emery*, 793 F. App'x at 295 (quoting *Sims v. Kia Motors of Am., Inc.*, 839 F.3d 393, 409 (5th Cir. 2016)). So "for expert testimony not to be required in a products liability case, the product itself, or at least the . . . feature in question, must be relatively uncomplicated, and the implications . . . such that a layman could readily grasp them." *Martinez*, 2020 U.S. Dist. LEXIS 77635, at *5 (quoting *Stewart v. Cap. Safety USA*, 867 F.3d 517, 521 (5th Cir. 2017)). Plaintiff argues that the Combo Brewer is a simple machine that any person would understand how to use. But the Combo Brewer is a restaurant-grade product and differs significantly enough from home coffee or tea brewers that the average person would not immediately understand its operation, much less its design and internal function.

Expert testimony is required when "a lay person's general experience and common sense will not enable that person to determine the issue." *Goodyear Tire & Rubber Co. v. Rios*, 143

S.W.3d 107, 118 (Tex. App.—San Antonio 2004, pet. denied). Most of the factors necessary to prove a design defect in the Combo Brewer extend beyond such general experience and common sense. For example, a lay person would be unable to weigh the utility of the machine's current design against the possibility and gravity of harm to a consumer without speculation on proper design principles and the mechanical necessities of the product. Analysis of the availability of a safe and economical substitute design also requires mechanical and cost comparisons between the original product and potential substitute. *See Norman v. Grove Cranes U.S., L.L.C.*, 750 F. App'x 269, 273 (5th Cir. 2018) ("[N]umerous intermediate Texas courts and federal district courts have granted judgments in favor of defendants where no admissible expert testimony was offered to prove the existence of a safer alternative design."). Similarly, a lay person would be unable to intuit whether Defendant could have eliminated unsafe characteristics without impairing its usefulness or significantly increasing its cost. Thus, Plaintiff cannot prove its design defect claims without expert testimony.

Plaintiff's marketing defect claim also cannot succeed because expert testimony is required to prove that added warning is necessary. The Combo Brewer had a prominent warning reading, "CAUTION" "HOT LIQUID" "REMOVE BASKET SLOWLY." Dkt. No. 26 at 8–9. Summary judgment is proper where the warning "clearly include[s]" the harm suffered by the plaintiff. *See Rolen v. Burroughs Wellcome Co.*, 856 S.W.2d 607, 609 (Tex. App.—Waco 1993, writ denied). Plaintiff admits she understood and that it was obvious that the brewer would contain hot liquid. *See* Dkt. No. 25-1 at 2. With the understanding that hot liquid would be present, the product's warning to remove the basket slowly alerts the user to the danger of spillage. Thus, Plaintiff cannot establish that Defendant failed to warn her of the possibility of the injury she suffered.

Plaintiff's claims the warnings did not alert her to the possibility that the brewer would be full. Dkt. No. 25 at 11. Yet establishing this would require expert testimony. Whether the Combo Brewer's warnings needed to include the amount of liquid within the basket extends beyond the experience of laymen, as the average person is not familiar with the design and contents of warnings. While laymen might opine as to the need for a warning in some cases, they are typically not qualified to judge the necessary contents of warnings. *See Est. of Dominguez v. Signalisation Ver-Mac, Inc.*, No. 1:23-CV-00066, 2024 U.S. Dist. LEXIS 97470, at *7 (E.D. Tex. 2024) ("The Court is not convinced that designing warnings regarding electronic message board signs is within

the experience of laymen."); *Goodyear Tire & Rubber Co.*, 143 S.W.3d at 118 ("A jury could not have determined, without the benefit of expert testimony, which, among many, warnings and instructions should be printed on a [tire's] sidewall."); *Ramsey v. Caterpillar Inc.*, No. 12-16-00155-CV, 2017 Tex. App. LEXIS 3402, at *8-9 (Tex. App.—Tyler Apr. 19, 2017, pet. denied) ("In situations when instructions or warnings pertinent to the proper operation, mounting, maintenance, and repair of the product may be necessary, expert testimony is required."). Thus, Plaintiff cannot prove the necessary elements of its marketing defect claim. Plaintiff fails to raise a genuine issue of material fact on both of its claims.

### IV.    CONCLUSION

For these reasons, Defendant's MSJ (Dkt. No. 24) is **GRANTED**. All Plaintiff's claims against Defendant are **DISMISSED with prejudice**. The Clerk of the Court is **ORDERED** to close this case.

Signed on this 11th day of July, 2024.

Rolando Olvera
United States District Judge